IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**JAMES C. STRADER,**

                         **Petitioner,**

            v.                                                     CASE NO. 23-3002-JWL-JPO

**STATE OF KANSAS, et al.,**

                         **Respondent.**

## MEMORANDUM AND ORDER

This matter is a pro se petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by Petitioner and Kansas state prisoner James C. Strader in the United States District Court for the District of Columbia on December 1, 2022. On December 5, 2022, the United States District Court for the District of Columbia transferred the matter to this Court because Petitioner and his custodian are located in the District of Kansas. (Doc. 3.) The Court has conducted an initial review of the petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. For the reasons explained below, the Court will dismiss this matter in its entirety and deny as moot the pending motion to proceed in forma pauperis.

### Background

Petitioner is a Kansas state prisoner currently serving a prison sentence of over 70 years that was imposed in Reno County Kansas in 2005 and ordered to run consecutively to sentences imposed two years earlier in Johnson County, Kansas. Over the years, Petitioner has engaged in numerous

federal actions seeking relief under 28 U.S.C. § 2241,[1] 28 U.S.C. § 2254,[2] and 42 U.S.C. § 1983.[3] Petitioner has been subject to case-specific filing restrictions as a result of filing large amounts of apparently irrelevant documents,[4] and the Court has repeatedly advised Petitioner that he has no constitutional right to file frivolous matters.[5] Moreover, the Court has explained to Petitioner more than once the difference between claims that may be properly brought under § 2241 and those that may not.[6] As noted above, Petitioner initially filed this petition in the United States District Court for the District of Colombia, which transferred it to this Court.

## Analysis

Rule 4 of the Rules Governing § 2254 Cases requires the Court to review a habeas petition upon filing and to dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rules Governing § 2254 Cases, Rule 4, 28 U.S.C.A. foll. § 2254. Rule 1(b) authorizes district courts to apply the Rules to habeas petitions not brought under § 2254, such as those brought under § 2241. Because Petitioner is proceeding pro se, the Court liberally construes the pleading, but it may not act as Petitioner's advocate. *See James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013). "[T]he court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). It also " 'may not rewrite a petition to include claims

---

[1] *See Strader v. Kansas*, Case No. 22-3228-JWL-JPO; *Strader v. Kansas*, Case No. 22-3264-JWL-JPO.
[2] *See Strader v. Kansas*, Case No. 19-3137-SAC; *Strader v. Schroeder*, Case No. 20-3002-SAC; *Strader v. Kansas*, Case No. 21-3184-SAC; *Strader v. Kansas*, Case No. 21-3275-SAC; *Strader v. Cheeks*, Case No. 22-3114-SAC; *Strader v. Kansas*, Case No. 22-3227-JLW-JPO; *Strader v. Kansas*, Case No. 22-3229.
[3] *See Strader v. Werholtz*, Case No. 19-3102-SAC; *Strader v. Kansas*, Case No. 19-3218-HLT; *Strader v. Reno County District Court*, Case No. 20-3001-SAC; *Strader v. Tenth Circuit Court of Appeals*, Case No. 20-3135-JWB-ADM; *Strader v. Kelly*, Case No. 20-3187-SAC; *Strader v. Kansas*, 20-3298-EFM-TJJ; *Strader v. Kansas*, Case No. 21-3204-SAC; *Strader v. Kansas*, Case No. 22-3054-SAC; *Strader v. Cheeks, et al.*, Case No. 22-3124-SAC.
[4] *See, e.g.*, *Strader v. Kansas*, Case No. 19-3137-SAC, 2019 WL 5622439, *1 (D. Kan. Oct. 31, 2019).
[5] *Strader v. Werholtz*, Case No. 19-3102-SAC, 2019 WL 5267160, *1 (D. Kan. Oct. 17, 2019); *Strader v. Kansas*, Case No. 22-3227-JWL-JPO, 2022 WL 6101270, *3 (D. Kan. Oct. 7, 2022).
[6] *See Strader v. Kansas*, Case No. 22-3264-JWL-JPO, 2022 WL 11747254, *4-6 (D. Kan. Oct. 20, 2022); *Strader v. Kansas*, Case No. 22-3228-JWL-JPO, 2022 WWL 6101292, *2-3 (D. Kan. Oct. 7, 2022) and 2022 WL 16833790, *2-4 (D. Kan. Nov. 9, 2022).

that were never presented.' " *Childers v. Crow*, 1 F.4th 792, 798 (10th Cir. 2021) (citation omitted).

A review of the petition reveals that it is substantively identical to the amended petition Petitioner filed in this Court in case number 22-3228-JWL-JPO.[7] In fact, the majority of the current petition, including the asserted grounds for relief, appears to be photocopies of the amended petition filed in case number 22-3228-JWL-JPO.[8] As the Court explained in that case:

> Large portions of the amended petition are incomprehensible, even when the petition is liberally construed, but it appears to make the following allegations, highly summarized: (Ground One) Petitioner was attacked by a prison guard; (Ground Two) Petitioner's Fourth Amendment rights were violated when he was illegally dosed with artificial intelligence; (Ground Three) the provisions of the Privacy Act, the Patriot Act, and the Foreign Intelligence Surveillance Act were violated, as well as perhaps the constitutional prohibition against slavery; (Ground Four) Petitioner's due process rights were violated during prison disciplinary actions; (Ground Five) Petitioner's convictions were unconstitutional; (Ground Six) prison officials used high frequency technology to act as God, in violation of the First Amendment's requirement that church and state remain separate; (Ground Seven) prison officials generally abused their authority in violation of multiple constitutional provisions and Kansas statutes; (Ground Eight) theft of Petitioner's property; and (Ground Nine) alteration of medical records.

*Strader v. Schnurr*, Case No. 22-3228-JWL-JPO, 2022 WL 16833790, *2 (D. Kan. Nov. 9, 2022)

The Court further explained to Petitioner in that case that 28 U.S.C. § 2241 is "used to attack the execution of the sentence" by challenging "the fact or duration of a prisoner's confinement and seek[ing] the remedy of immediate release or a shortened period of confinement." *Id.* at *1 (internal quotation marks omitted) (quoting *Sandusky v. Goetz*, 944 F.3d 1240, 1246 (10th Cir. 2019) and *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997)).

Regarding the identical petition in the earlier case, this Court held:

> Grounds One through Three and Five through Nine fail to assert a claim related to the execution of Petitioner's sentences, leaving them subject to dismissal for failure to state a claim for relief under 28 U.S.C. § 2241. The remaining ground

---

[7] "A court may take judicial notice of its own records." *Duhart v. Carlson*, 469 F.2d 471, 473 (10th Cir. 1972).

[8] The remaining pages are entitled "Statement of Claim In The United States For[eign] Intelligence Surveillance Court." (Doc. 1, p. 19-24.) As this Court has previously informed Petitioner, this Court will take no action on documents or motions that are identified as raising claims to the Foreign Intelligence Surveillance Court. *See Strader v. Kansas*, Case No. 22-3264-JWL-JPO, 2022 WL 11747254, *2 & n.3 (D. Kan. Oct. 20, 2022).

> for relief, Ground Four, mentions the loss of good-time credits and alleges a due process claim. A petition seeking relief under 28 U.S.C. § 2241 may be used to attack certain disciplinary proceedings, including those that result in the deprivation of good-time credits, or to assert that a state prisoner was denied constitutionally required due process during those proceedings. *See Abdulhaseeb v. Ward*, 173 F. Appx. 658, 659 n.1 (10th Cir. 2006) (citing *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997), and *Brown v. Smith*, 828 F.2d 1493, 1495 (10th Cir. 1987)). However, as this Court has advised Petitioner in a [Notice and Order to Show Cause] issued in another case currently pending before this Court, if he wishes to seek relief based on events that occurred in the context of disciplinary hearings, he must "sufficiently identify the actions on which he bases his challenge." *See Strader v. Kansas*, Case No. 22-3264-JWL-JPO, Doc. 2, 2022 WL 11747254, *6 (D. Kan. Oct. 20, 2022).
>
> In the supporting facts for Ground Four, Petitioner does not identify the specific disciplinary actions of which he complains. He does direct the Court's attention to "case documents" in *Strader v. Kansas*, Case No. 20-cv-3298-EFM-TJJ. The Court notes that Petitioner filed approximately 400 pages of documents in Case No. 20-cv-3298-EFM-TJJ, and the Court declines to expend judicial resources combing those pages for potentially relevant information. Moreover, as noted above, "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments." *Garrett*, 425 F.3d at 840. Thus, Ground Four, as articulated in the amended petition, is subject to dismissal for failure to allege a plausible claim for relief under 28 U.S.C. § 2241.

*Id.*

This Court dismissed case number 22-3228-JWL-JPO on November 9, 2022 because it sought relief under § 2241 but failed to state grounds that asserted a plausible claim for such relief. The deficiencies in the petition that led the Court to dismiss it remain present, even when the petition is considered under a different case number. Thus, because the petition now before the Court is substantively identical to the petition dismissed in case number 22-3228-JWL-JPO, it fails to state a claim on which relief can be granted under § 2241.

## Conclusion

It is plain that the petition now before the Court, even when liberally construed and when considered with the attached exhibits, does not entitle Petitioner to relief in this Court. It merely repeats arguments this Court has already deemed insufficient to state a claim under 28 U.S.C. §

2241. Although the Court previously has afforded Petitioner the opportunity to file an amended petition when his initial petition proves fatally flawed, it concludes that it would be futile to provide Petitioner with an opportunity to amend the petition in this matter. This petition is dated November 15, 2022, which is six days after the Court dismissed case number 22-3228-JWL-JPO because the substantively identical petition therein failed to state a claim for relief. In other words, by the time Petitioner executed and filed the current petition, its deficiencies were already identified, yet he made no changes to the petition.

The filing of a § 2241 petition that raises only issues disposed of in a previous § 2241 action is an abuse of the writ of habeas corpus. *See Marques v. Abbiot*, 100 Fed. Appx. 722, 723-24 (10th Cir. 2004) (unpublished). Moreover, "[t]he goal of fairly dispensing justice . . . is compromised when the Court is forced to devote its limited resources to the processing of repetitious and frivolous requests." *Punchard v. U.S. Govt.*, 290 Fed. Appx. 160, 162 (10th Cir. 2008) (unpublished) (quoting *In re Sindram*, 498 U.S. 177, 179-80 (1991)). Accordingly, this matter will be dismissed for failure to state a claim that plausibly entitles Petitioner to relief available under 28 U.S.C. § 2241. Petitioner is cautioned that future actions initiated by the filing of this or a substantively identical petition will be summarily dismissed.

## Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Cases requires the Court to issue or deny a certificate of appealability (COA) upon entering a final adverse order. The Tenth Circuit has held that this requirement also applies to petitions brought under 28 U.S.C. § 2241. *See Montez v. McKinna*, 208 F.3d 862, 869 (10th Cir. 2000).

> "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its

procedural ruling."

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The failure to satisfy either prong requires the denial of a COA. *Id.* at 485. The Court concludes that its procedural ruling in this matter is not subject to debate among jurists of reason. Therefore, the Court declines to issue a certificate of appealability.

**IT IS THEREFORE ORDERED** that this matter is **dismissed without prejudice** and the motion to proceed in forma pauperis (Doc. 2) is **denied as moot**. No certificate of appealability will issue.

**IT IS SO ORDERED.**

DATED:   This 5th day of January, 2023, at Kansas City, Kansas.

S/ John W. Lungstrum

JOHN W. LUNGSTRUM
United States District Judge